(No. 4844—

GLADYS SCHNELL and MANLEY W. SCHNELL, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 27, 1962.*

*Petition of Claimants for Rehearing denied December 28, 1962.*

EDWARD NEVILLE, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; WILLIAM H. SOUTH, Assistant Attorney General, for Respondent.

PERLIN, J.

Claimants seek to recover for personal injuries sustained by Gladys Schnell on July 27, 1958, when the

motorbike, upon which she was riding, struck a hole in State Route No. 1 at a point approximately one and one-eighth miles north of the intersection of State Routes Nos. 1 and 33. The highway in question is under the jurisdiction of the State of Illinois.

The highway pavement, with which we are concerned, is twenty feet wide, and consists of eighteen feet of brick with a one foot strip of concrete at either edge. The evidence shows that the accident area was in a section of State Route No. 1, which covered a three or four mile distance of rough brick pavement, and which contained patches of blacktop in various places.

For claimants to recover, they must prove:

(1)   That Gladys Schnell was in the exercise of due care and caution for her own safety;

(2)   That the State of Illinois was negligent, as charged in the complaint; and

(3)   That the negligence of the State of Illinois was the proximate cause of her personal injuries and damage to her property. (*McNary* vs. *State of Illinois,* 22 C.C.R. 328.)

The accident occurred on the afternoon of Sunday, July 27, 1958, while claimants were riding motorcycles with a group of other riders in a southerly direction. Claimants presented testimony of the four other motor-cyclists, who were riding with claimant, Gladys Schnell, to the effect that there was a hole near the center line of the highway, which was approximately five feet in length and two to three feet in width, and that the deepest point, located at the southern-most edge of the hole, reached a depth of six inches.

The evidence further indicates that Mrs. Schnell, aged 39, was operating her motorcycle at a speed of 40 to 45 miles per hour when the front wheel of the motorcycle allegedly hit the hole in question, and threw it into the

air. The motorcycle then skidded down the highway some 150 feet beyond the hole.

The group of five cyclists had been riding in a "staggered" formation. Russell Mattoon, who was riding ahead of Mrs. Schnell, said he noticed the hole and rode to the side of it, but did not call out a warning, since he was too far ahead. Another rider, Leland Cooley, was also riding ahead of Mrs. Schnell, but did not notice the hole, since he was operating his cycle near the outside edge of the road.

One of claimants' companions testified that 45 miles per hour was a safe speed.

Claimants presented the testimony of the four cyclists, and that of Donald Walker, a State Highway patrolman, who stated that blacktop had been put in the hole at some time prior to the accident. The patrolman also said that he knew of the hole before the accident. Claimants contend that, because the hole had been previously patched, respondent had actual or constructive notice of its condition, and was, therefore, negligent.

Three employees of the Division of Highways testified for respondent. Ira Harbaugh, District Supervisor for the section of highway upon which the accident occurred, testified that he traveled on the particular section on July 25, 1958, two days before the accident occurred, looking for holes and defects, and did not notice the hole at that time. LeRoy Plew, a Highway Maintenance man, said that he had done some patching on the section generally, on July 24 and 25, 1958, and was over the stretch of highway where the accident occurred on the day after the accident, and did not find the hole. Another maintenance helper failed to observe the hole on July 24 and 25, 1958.

In the opinion of this Court, claimant, Gladys Schnell, has failed to prove her freedom from contributory negligence. The accident occurred in daylight; the hole should have been readily visible from the motorbike, which is normally a highly maneuverable vehicle. The hole in question extended at most 3 feet into the lane of traffic, which allowed 7 feet of pavement width to avoid striking it. It would appear that a person riding such a vehicle at a speed appropriate to prevailing conditions should have been able to avoid striking the alleged hole in this case. The evidence showed that this was a rough brick road, and travelers upon such a road should be alert for irregularities in the surface.

In *Bloom* vs. *State of Illinois,* 22 C.C.R. 582, 584, the Court stated:

"It has been well established, and this Court, as well as other courts, have held many times that the State is not an insurer of those traveling upon the highway; and that, where people are aware of a condition, such as in this case, they should use care and caution, which an ordinarily prudent person would use under the same or similar circumstances."

Two other riders in the same party had passed the hole without difficulty, and one, who had apparently been riding in about the same position as Mrs. Schnell, had noticed the hole and avoided it. We can only conclude that, had claimant been reasonably alert and observant, she could have avoided this unfortunate incident.

Furthermore, it appears that the State was reasonably diligent in maintaining this stretch of highway, since they had been examining and repairing this area only two days before the accident.

Claimants have failed, in the opinion of this Court, to sustain their burden of proof, and an award is, therefore, denied.