(No. 5222—)

IRVING SILVERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1968.*
*Petition of Claimant for Rehearing denied March 24, 1972.*

MORRIS A. LEVY, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Special Assistant Attorney General, for Respondent.

DOVE, J.

This cause of action was brought by the claimant against the respondent, State of Illinois, for personal injuries and property damage suffered by claimant, Irving Silvers, when the automobile he was driving struck a barrier median on Willow Road near the Tri-State Tollway in Cook County, Illinois.

On February 19, 1964, at approximately 7:30 p.m., Irving Silvers, the claimant, was operating his automobile in an easterly direction on Willow Road near the Tri-State Tollway in Cook County, Illinois. Traffic was light, and there were no other eastbound vehicles at that time. The weather was clear, and the pavement dry. Willow Road inclines upward as it approaches the overpass above the Tri-State Tollway. At the top of the incline there is a concrete abutment, technically known as a barrier median, which is approximately eight inches high, four to five feet in width, and four hundred feet in length, running in an east to west direction, and located in the middle of Willow Road. The accident in question occurred when claimant's car struck the west end of this barrier median.

At the point of the accident, Willow Road is a four-lane

highway. Claimant was proceeding eastbound in the inner lane when the left side of claimant's automobile struck the barrier median, causing personal injuries to claimant and damage to his automobile.

Claimant testified that at the time of the accident he was driving his automobile at a speed of approximately 30 miles per hour. The evidence indicates that approximately one-tenth of a mile west of the barrier median there is an informational sign bearing the legend "Center Curb Ahead". There is also the customary section of ribbed concrete one hundred feet in advance of the barrier median. The purpose of this ribbed section of concrete is to cause vibrations to a motorist's automobile and generate a peculiar noise, warning a motorist that he has departed from and is not driving on the normal pavement.

Harry Waldon, Field Traffic Engineer, Division of Highways, testified that it would not be possible to strike the barrier median without first passing over this ribbed section of concrete. Waldon further testified that running parallel to the ribbed concrete section, and continuing along the side of the southern edge of the barrier median, was a painted, yellow diversionary line. Waldon also testified that, as a general policy, there would be posted a "Keep Right" sign at each end of a barrier median. The claimant testified, and the evidence indicates, that there was no "Keep Right" warning sign or other device of a similar nature located at the west end of the barrier median. The evidence indicated that a "Keep Right" sign was placed near the west end of the barrier median when it was originally constructed. However, this sign was subsequently torn down, and had not, at the time of the accident, been replaced. Claimant alleges that respondent's failure to replace the "Keep Right" sign, or to provide other warning devices as to the existence of the barrier median,

constituted negligence on the part of the respondent, which was the proximate cause of the accident.

It is the duty of the State of Illinois to maintain the highways within its jurisdiction and under its control in a reasonably safe condition or in the event a dangerous or, unsafe condition exists, to warn those persons using the highway of said dangerous or unsafe condition. *Thompson* vs. *State of Illinois*, 24 C.C.R. 219; *Bloom* vs. *State of Illinois*, 22 C.C.R. 582; *McNary* vs. *State of Illinois*, 22 C.C.R. 328.

In the case of *Thompson* vs. *State of Illinois*, 24 C.C.R. 219, the Court said: "It is an established rule, the state is not an insurer of all those traveling upon the highway, the extent of its duty being to use reasonable care to keep the highways in a reasonably safe condition for persons exercising due care for their own safety."

The law in the State of Illinois is clear that in order for a claimant in a tort action to recover he must prove that the State was negligent, that this negligence was the proximate cause of the injury, and that claimant was in the exercise of due care and caution for his own safety. *Link* vs. *State of Illinois*, 24 C.C.R. 69; *McNary* vs. *State of Illinois*, 22 C.C.R. 328; *Bloom* vs. *State of Illinois*, 22 C.C.R. 582. The burden of proof is upon the claimant to prove freedom from contributory negligence.

While there is some dispute as to the existence of the yellow diversionary line running parallel to the corrugated or ribbed concrete section and continuing alongside the edge of the barrier median, there is no dispute as to the existence of the "Center Curb Ahead" sign, approximately one-tenth of a mile west of the barrier median, or to the existence of a ribbed concrete section running one hundred feet in advance of the barrier median. Claimant testified that he did not observe the yellow diversionary line; that he did not observe the "Center Curb Ahead" sign, or experience any vibrations or hear any warning noises, that

would indicate that he had departed from the normal driving pavement, and was passing over the ribbed concrete section.

It is the opinion of this Court that the claimant, Irving Silvers, has failed to sustain the burden of proof that he was free from contributory negligence in connection with the accident in question. Claimant's failure to sustain the burden of proof that he was free from contributory negligence effectively bars his right to recover damages from respondent for personal injuries and property damage when claimant's automobile struck the barrier median. For this reason the question of whether respondent's needs to maintain a "Keep Right" sign at the end of the barrier median need not be considered by the Court.

Claimant's claim is hereby denied.