(No. 6080)

ROSE MARIE DELLORTO, Administratrix of the Estate of FRANCIS A. DELLORTO, Deceased; ROSE MARIE DELLORTO, Administratrix of the Estate of ANTIONETTE DELLORTO, Deceased, and ROSE MARIE DELLORTO, Individually, Claimants, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 16, 1979.*

PHILLIPS E. HOWARD, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; ANITA DONATH and RICHARD J. GROSSMAN, Assistant Attorneys General, for Respondent.

HOLDERMAN, J.

This is a claim for two wrongful deaths predicated on the State's duty to maintain the shoulder of a public highway in a reasonably safe condition and on its duty to warn motorists of a dangerous condition causing an accident. Claimant, as Administratrix of the Estate of Francis A. Dellorto, seeks $5,000.00 from this Court, it being the difference between the $25,000.00 maximum recovery allowable here and the $20,000.00 received from her prior settlement. Also, as Administratrix of the Estate of Antionette Dellorto, she seeks $23,000.00 here being the difference between the $2,000.00 received from her prior settlement and the maximum award allowable by this Court.

The facts are as follows:

On March 8, 1970, at approximately 9:00 p.m., 34 year old Michael McGovern, was driving southbound on Route 45 approximately one mile south of Route 6 at a speed of 45 to 50 m.p.h. The weather was clear as he drove along the highway. McGovern had driven this same road quite frequently the last few months and was well aware that the highway had ample clearance for two passing vehicles. The two-lane highway had been widened to make each lane nine feet wide. McGovern also knew the shoulders along this stretch of highway were muddy and rut-filled.

As McGovern proceeded southbound, he noticed the headlights of a northbound car, driven by Claimants' intestate Francis A. Dellorto, which was approaching entirely within its proper lane and proceeding at a normal rate of speed. McGovern swerved his car to the right for no justifiable reason, and his car went off onto the shoulder. He braked his car as he sped along the shoulder for a distance of 150-175 feet at a speed of 40-45 m.p.h. He then cut the wheel to the left attempting to move his car back onto the roadway, still at a speed of 40-45 m.p.h. However, he lost control of the car when the wheel struck the edge of the concrete pavement. Then his car "jumped" into the northbound lane and collided with the oncoming car driven by Francis Dellorto. Mr. Dellorto was accompanied by his wife, Rose Marie riding in the front seat, and his nine-year old daughter, Antionette, riding in the back seat. Both Francis and Antionette died as a result of their injuries. McGovern was issued a traffic citation for improper lane usage as a result of the accident.

The shoulder, where McGovern ran off the road, was unpaved and muddy due to the spring thaw. Ruts on the shoulder caused a depression between the pavement and shoulder.

Claimants filed suit against McGovern in the Circuit Court. They settled and executed covenants not to sue for which Claimant received $20,000.00 as Administratrix of the estate of Francis Dellorto and $2,000.00 as Administratrix of the estate of Antoinette Dellorto. No explanation was made why settlement was made for those amounts as Claimant argues here that the damages suffered were in excess of those amounts. With this we agree. The State contends here that settling out the claims on covenants not to sue is not meeting the requirement that all other remedies must be exhausted before a claim in this Court is allowed. We do not believe it necessary to actually process claims through trial. However, on the other hand, what is the justification for Claimant accepting $2,000.00 in settlement of the claim for Antoinette and seeking $23,000.00 before this Court?

The State's argument denying liability is mainly two fold:

First, it contends the State was not negligent in the maintenance of the shoulder of the highway.

Secondly, it contends that McGovern was negligent in going off onto the shoulder and in the manner in which he attempted to get back on the highway; and, that such negligence was the sole proximate cause of the collision resulting in the deaths of Claimants' intestates.

There is no issue of contributory negligence. All agreed that Claimants' intestate was exercising due care.

That McGovern was negligent in going off onto the shoulder and in the manner in which he attempted to get back on is clear from the evidence. Was his negligence the sole proximate cause of the injuries or was

the condition of the shoulder also a concurring proximate cause? This is the primary issue in this case.

We hold that McGovern's negligence was the sole proximate cause of the accident and the resulting injuries.

The theory the Claimant relies on is that the State owed a duty of due care to maintain the shoulder and that by the breach of that duty, harm was foreseeable to the Claimant's decedent who was driving on the roadway. However, to find the State liable, the Claimant has the burden to show the existence of a duty owed to the Claimant, based on *reasonable* forseeability, a breach of that duty, and an injury proximately resulting from that breach. The Illinois Supreme Court in *Cunis v. Brennan 56 Ill. 2d 372, 308 N.E.2d 617 (1974)* made clear that foreseeability of harm alone is not enough to justify liability. In *Cunis,* an automobile passenger sued the Village of LaGrange for his injuries occurring when he was thrown 30 feet after a collision with a third person's automobile and landed on a parkway where his leg was impaled upon a drain pipe. The plaintiff argued that the defendant Village was under a duty to maintain its parkways in a safe condition and that to escape liability, the Village would have to show it could not have foreseen the type of injury the plaintiff suffered. In denying that a duty existed, the Court stated foreseeability alone is an inadequate test to determine legal duty. The correct test is whether the injury was *reasonably* foreseeable. The Court concluded that the remote possibility of the occurrence did not give rise to a legal duty on the part of the Village to the plaintiff to guard against his injury.

The cases cited by Claimant involving negligent shoulder maintenance concern drivers who came into

contact with the defect and were injured. Clearly, the State would owe McGovern a duty to maintain the shoulder to guard against injury to him, provided his use of the shoulder was authorized and performed with care. However, that does not mean that the State's duty is also transferred to Claimants' intestates who were traveling in the opposite lane and who did not come into contact with the alleged defect. To find a duty exists here would result in liability for every conceivable type of injury that occurs when a driver comes into contact with a defective shoulder.

In the case of *Hill v. State* the Claimant charged the State with negligent shoulder maintenance in allowing the existence of a six-inch drop-off between the paved area and the unpaved shoulder which caused her injury when she drove onto the unpaved shoulder to avoid an oncoming truck, subsequently lost control, and collided with the truck in the opposite lane. The Court held that the negligence of the Claimant was the proximate cause of her injuries as she was in control of her car when she drove onto the shoulder and only lost control of her car when she tried to drive out of the ruts — although she could have brought her car to a stop on the shoulder instead of attempting to drive back on the highway without significantly reducing her speed. (Citing *Alsip v. State*) This case is relevant to the issue of negligence of McGovern.

In the case at bar, McGovern traveled for a distance of 150-175 feet and reduced his speed a mere five m.p.h. He lost control when he got hung up in the mud and in the ruts while attempting to move back onto the highway. He could have slowed his vehicle to a stop instead of making a sharp turn back onto the pavement. But for his lack of due care in failing to reduce speed significantly or to stop completely, his vehicle

would not have careened into the northbound lane. McGovern's conduct could not be reasonably anticipated by the State. Therefore, the negligence of McGovern, not the condition of the shoulder, is the sole proximate cause of the accident.

The *Hill* case is in harmony with other cases holding that the driver's negligence was the proximate cause of an accident occasioned by the driver encountering a defect on the shoulder. See also *Lee v. State of Illinois, 25 Ill.Ct.Cl. 29 (1964); Link v. State of Illinois, 24 Ill.Ct.Cl. 69 (1961).*

Even assuming the State negligently maintained the shoulder, such negligence merely created a condition and was not a concurrent or proximate cause of the accident. In *Storen v. City of Chicago, 373, Ill. 530, 27 N.E.2d 53 (1940),* the Court held that the maintenance of a depressed curb did not constitute a concurrent cause of plaintiff's injury when a third party struck a parked car which was propelled along the street curb until it reached an opening in the curb at which point it careened onto the parkway injuring plaintiff. The Court stated that even if the maintenance of the depressed curb constituted negligence, such negligence was not an act concurrent with the negligence of the driver who struck the parked car. The Court held that the depressed curb did nothing more than furnish a condition and that the proximate cause of the accident was the negligence of the driver who struck the parked car. The Court stated, at *page 55 of 27 N.E.2d:*

"If, however, a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the subsequent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury."

Claimant relies on *Neering v. Illinois Central Railroad., 383 Ill. 366 (1943)* which stated the following test to determine proximate cause:

1) Whether the intervention of the subsequent independent act was probable or foreseeable by the first wrongdoer and,

2) Whether the injury is the natural and probable result of the negligent act or omission and is of such a character that an ordinarily prudent person ought to have foreseen the injury as likely to occur as a result of the negligence.

The first part of the test focuses on the foreseeability of the third party's intervention, that is, whether McGovern's act was probable or foreseeable by the State. The second part of the test focuses on the relationship between the injury and the negligent act, that is, whether the injury to Dellorto followed as a natural and probable result from the unstabilized shoulder.

The Claimant also cites the case of *Welch v. State of Illinois, 25 Ill.Ct.Cl. 270 (1966).* There we awarded damages for the death of Claimant's decedent that resulted when he pulled onto the road shoulder to avoid hitting an oncoming car, but was killed for his efforts, due to a large hole seven feet by three feet in the shoulder that caused his vehicle to go out of control. We stated that: "Since a road shoulder is both necessary and covenient for vehicular traffic, . . . it follows that reasonable care by the State of such shoulder is required." (Page 276) It is not contributory negligence, the Court continued, to pull off the pavement onto the shoulder in light of the fact that avoiding an apparent accident is an intended purpose for which road shoulders are to be used. (Page 277)

In a subsequent case, we affirmed the State's duty to maintain the road shoulder in a reasonably safe condition but refused to award damages where no evidence was introduced showing an emergency or other legitimate reason for driving the vehicle involved on

the shoulder of the road. *Berry v. State of Illinois, 26 Ill.Ct.Cl. 377 (1968)*. We there considered the tractor driver's failure to drive "upon the right half of the roadway" in violation of Ill. Rev. Stat., Ch. 95½, Para. 151 (2) prima facie evidence of negligence and refused an award on the basis of contributory negligence. The *Welch* case was distinguished by the Court in *Berry* on the grounds that the truck driver in *Welch* was using the shoulder for its intended purpose of avoiding an accident, whereas in *Berry*, the tractor trailer driver had no legitimate reason to be driving along the shoulder. The Claimant's argue that "this case, like some of the earlier road shoulder cases in which the Court of Claims refused damage awards, *Sommer v. State of Illinois, 21 Ill.Ct.Cl. 259 (1952), Howell v. State of Illinois, 23 Ill.Ct.Cl. 141, (1959) Lee v. State of Illinois 25 Ill.Ct.Cl. 29 (1964),* made no attempt to limit the State's duty to maintain road shoulders in a reasonably safe condition, but turned on Claimant's failure to sustain the burden of proving freedom from contributory negligence."

It is the law in Illinois that while the State is not an insurer of every accident that occurs on its public highways, it does have the duty to exercise reasonable care in the maintenance of its roadways in order that dangerous and defective conditions likely to injure persons lawfully on the highways, shall not exist.

But the crux of the case is this: While the State may have furnished a dangerous condition, the intervening negligence of McGovern in going off the highway onto the shoulder for no justifiable reason, and the negligent manner in which he tried to get back on, was the sole proximate cause of the accident. The State's negligence, if any, was not a proximate cause concurrent with McGovern's negligence. This holding is support-

ed by the cases herein cited, and, in the face of precedent, we must deny any award.

We hold for Respondent.