(No. 76-CC-2461—)

PAUL G. HOLLIS, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 6, 1981.*

PATRICK J. MORAN, for Claimant.

TYRONE C. FAHNER, Attorney General (KEVIN J. CAPLIS, Special Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim for personal injuries arising out of a bicycle accident on a State highway. Claimant alleges that he was injured on October 10, 1975, at the overpass of St. Charles Road and the I-90 Expressway. Claimant alleges he was riding a bicycle which struck a pothole in the pavement causing him to be thrown from the bicycle which resulted in the injuries complained of.

Claimant, a young man of 18 years of age and an experienced bicyclist, was operating a 10-speed bicycle eastbound in the right hand lane of St. Charles Road at or near the bridge overpass over the I-90 Expressway. He had been over the road in question approximately six months prior to the time of the accident.

The overpass bridge had a severe incline and as Claimant reached a point about three quarters of the way toward the crest of the incline, he glanced to his left for a few seconds to look for traffic coming up behind him. He then felt a jolt and remembers nothing further until he awoke in the hospital. He never saw the pothole in the pavement which he claims caused his bicycle to fall. The pothole was approximately four feet square and about three inches deep.

The accident occurred on a clear day at about noon. Claimant alleges he did not know what speed he was going at the time of the accident but there were no obstructions to his vision except for an automobile travelling about 30 feet ahead of him in his lane of traffic.

A local police officer testified that, after being called to the scene of the accident, he found Claimant's body 22 feet west of a pothole in the pavement. Claimant's bicycle was found by the officer to be 38 feet west of the pothole. He further testified that the size of the pothole was as heretofore indicated. He testified that he had travelled the area of the accident within a few weeks prior to the accident but had not noted any potholes nor had he reported any potholes to the State Department of Highways.

Before Claimant can recover, he must establish the fact that there was negligence on the part of Respondent, that said negligence was the proximate cause of the

injuries, and that he was not guilty of contributory negligence.

The record is devoid of any actual knowledge on the part of Respondent as to the existence of the pothole and the only constructive knowledge would be the result of the testimony of the attorney for Claimant who qualified as a civil engineer. He stated that the pothole, in his opinion, was in existence between 30 and 90 days prior to the accident.

There are conflicting stories as to how the accident occurred. A nurse from Memorial Hospital of Du Page County testified, from hospital records, that Claimant stated, on his arrival at the hospital, that a wheel had come off the bicycle throwing him on his face, thereby causing the injuries complained of.

Claimant's bicycle was collapsible. His testimony was to the effect that he turned to his left for a period of 10 seconds and was not watching the road ahead of him and therefore did not see the pothole in the pavement. He testified that he remembers hitting the pothole and that his next recollection is waking up in the hospital.

The evidence shows the pavement was dry and there were no obstructions to Claimant's vision.

This Court has repeatedly held that the State is not an insurer of persons travelling upon its highways but that it does owe ordinary care in the maintenance of its highways. See 27 Ill. Ct. Cl. 342.

It is the Court's opinion that Claimant has not proven that the State had actual or constructive knowledge of the defect in the highway and therefore was not negligent in the maintenance of said highway. Claimant must also prove that he was free from contributory

negligence at the time of, or immediately prior to, the accident.

This Court has held that if Claimant looks but does not see the defect that caused his accident, the State is not responsible.

In this case, the testimony of Claimant is to the effect that he, for a period of 10 seconds or more, was not looking ahead and did not see the defect in the pavement which was approximately four feet square.

This Court has previously held that "where evidence showed that Claimant could have avoided hole in pavement had she been watching, freedom from contributory negligence was not proven." See *Schnell v. State of Illinois*, 24 Ill. Ct. Cl. 257.

In the case of *McAbee v. State of Illinois*, 24 Ill. Ct. Cl. 374, this Court held as follows:

"As we have held many times, and as have other courts, this Court will not tolerate one testifying that they looked and did not see something, which appeared from their testimony would be very apparent."

In this case, a four-foot-square hole in the pavement would have been evident to anyone who had been watching the road ahead. The *McAbee* case is nearly identical to the present case. A bicyclist was injured on a clear day with no obstructions to mar the visibility and Claimant did not see the hole in the highway that caused the accident.

It is the Court's opinion that Respondent did not have actual constructive knowledge of the defect in question and the only attempt to prove such knowledge was by the testimony of Claimant's attorney. The supreme court of the State of Illinois, in the case of *McKey v. McKean* (1943), 384 Ill. 112, 51 N.E.2d 189, used the

following language where the attorney for one of the parties testified in the cause he was trying:

"This practice has been repeatedly condemned by this court. The testimony of an attorney in a case under such circumstances is entitled to little or no weight or credit."

The testimony by the attorney for Claimant being the only evidence as to actual or constructive knowledge by the Respondent, Claimant has failed in his proof in that respect and also in his failure to prove he was free from contributory negligence.

This cause is dismissed.