(No. 78-CC-1237—

KIMBERLY GRAVES, Individually and as Special Administratrix of the Estate of Dennis Graves, Deceased, Claimant, *v.* THE STATE OF ILLINOIS and THE ILLINOIS DEPARTMENT OF TRANSPORTATION, Respondents.

*Opinion filed October 24, 1983.*

*Order on denial of rehearing filed February 3, 1984.*

ANESI, OZMON, LEWIN & ASSOCIATES, for Claimant.

NEIL F. HARTIGAN, Attorney General (HANS G. FLADUNG, Assistant Attorney General, of counsel), for Respondents.

HOLDERMAN, J.

The accident on which this claim is based occurred at approximately 6:30 p.m. on July 17, 1977.

Dennis Graves, decedent, was killed as a result of injuries he sustained on that date and this suit was brought by his widow, individually and as special administratrix of his estate. The decedent was proceeding

north on Cicero Avenue near 149th Street riding his 350 c.c. Honda motorcycle. He was riding with two friends who were also on motorcycles at the time the accident occurred. The pavement was dry, it was daylight, and traffic was light.

The exact position of the decedent while driving on Cicero Avenue in relation to the position of the alleged dangerous road conditions is at issue. Both companion motorcyclists testified that decedent was leading and was motoring furthest from the curbside. This evidence is conflicting because one of Claimant's witnesses has given two different accounts of the incident. In one instance, he stated decedent was the first of the three cyclists, and in another instance, he stated he was driving in front of decedent.

Decedent had purchased the motorcycle on which he was riding a few days before the accident and it was unlike the one he had been accustomed to riding.

It is Claimant's position that the State of Illinois was negligent in maintaining its highway, that there was a rut in said pavement, that when decedent's motorcycle struck the rut, it caused decedent to lose control and he was thrown against a utility pole, causing his death.

There are two questions before the Court: (1) whether the State exercised reasonable care and was not guilty of negligence in maintaining the northbound lanes at the site of the accident; and (2) whether decedent himself was negligent and was not in the exercise of due care and caution for his own safety.

This occurrence took place before the contributory negligence rule was adopted by the courts of Illinois, and consequently, it is of no importance to the present case.

Claimant introduced several pictures of the scene of

the accident which allegedly showed that the expansion joint of the highway was so wide that the front wheel of decedent's motorcycle entered into said rut and caused the accident. This evidence was directly refuted by one of Respondent's witnesses, and the pictures themselves indicate that the rut in question was merely the expansion joint found in practically all highways. It does not appear to be sufficiently wide enough to allow even a narrow tire of the type on the motorcycle decedent was riding to enter into said rut.

The Court's attention is called to the fact that the previous motorcycle driven by decedent was a slower motorcycle, or dirt bike, as opposed to the 350 c.c. Honda he was driving on the day of the accident. The Honda motorcycle had smaller tires than his old one, although there is one witness who testified that the groove was wide enough to cause a motorcycle accident such as the one in the present case.

This Court has repeatedly held that the State is not an insurer against accidents that may occur by reason of the condition of a State highway. (*Bloom v. State* (1957), 22 Ill. Ct. Cl. 582.) The Claimant must prove that the State was negligent, that such negligence was the proximate cause of the injury, and that Claimant decedent was in the exercise of due care and caution for his own safety. *McNary v. State* (1956), 22 Ill. Ct. Cl. 328.

It is clearly the law in this State that the State has a duty to exercise reasonable care in the maintenance of its highways so that dangerous conditions likely to injure persons lawfully there shall not exist. (*Dellorto v. State* (1979), 32 Ill. Ct. Cl. 435.) However, "the mere fact that a defective condition existed if, in fact, it did exist, is not in and by itself sufficient to constitute an act of negligence

on the part of the Respondent." (*Palmer v. Northern Illinois University* (1964), 25 Ill. Ct. Cl. 1.) Claimant must show that Respondent had either actual or constructive knowledge of such defect, and it is the Court's opinion that such knowledge was not shown in the present case.

The Court calls attention to the case in *Wing v. State* (1977), 31 Ill. Ct. Cl. 473, 476, which also involved a motorcycle accident, wherein the Court stated ". . . the State is charged only with using reasonable diligence in maintaining the roadways under its control. To recover on his claim, Claimant thus bears the burden of establishing by a preponderance of the evidence that the State breached its duty to use reasonable care in maintaining the highway at the accident site . . ."

The evidence shows that the pavement was dry and there were no obstructions to decedent's vision. Assuming, *arguendo*, that there actually was a defect in the road, this Court recognizes that the motorist himself must exercise due care for his own safety. In *McAbee v. State* (1963), 24 Ill. Ct. Cl. 374, this Court denied a claim filed by a bicyclist who had struck a hole in the pavement and was tossed to the roadway; the Court stated the contributory negligence of the Claimant "in not seeing a defect in the highway" bars recovery. In *Schnell v. State* (1962), 24 Ill. Ct. Cl. 257, a motorcyclist was denied recovery, the Court stating:

"Where evidence showed that Claimant could have avoided the hole in the pavement had she been watching, freedom from contributory negligence was not proven."

The Court notes that both occurrence witnesses stated they saw the rut as they approached it, that the road was dry, and the weather was good.

This Court has held on many occasions that for a

claimant to recover damages arising from defects in the roadway, the claimant must prove the State was negligent and that such negligence was the proximate cause of the injury. In this case, the proximate cause of the accident was the negligence of decedent himself.

The Court is of the opinion that based upon the evidence presented in this case and upon the applicable law in Illinois, Claimant cannot recover because she has failed to prove by a preponderance of the evidence that Respondent was negligent, that decedent's death was caused by any negligence on the part of the State, and that decedent was free of any negligence on his part. It is clear that Respondent is not liable for the regrettable death of decedent.

Award denied.

## ORDER ON DENIAL OF REHEARING

HOLDERMAN, J.

This matter comes before the Court upon Claimant's petition for rehearing and for new trial and Respondent's reply to said petition.

The Court finds that Claimant has failed to allege grounds sufficient for this Court to vacate its denial of award entered October 24, 1983.

It is hereby ordered that Claimant's petition for rehearing and for new trial be, and the same is, denied, and this claim remains dismissed.