(No. 75-CC-1102–████████)

SHARON A. SMITH, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 25, 1984.*

TERRENCE E. LEONARD, for Claimant.

NEIL F. HARTIGAN, Attorney General (SAUL R. WEXLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is an action for personal injuries sustained by Claimant as a result of an automobile accident which occurred on June 16, 1973, at First Avenue approximately 150 feet south of Parkview Road, Riverside, Illinois.

The undisputed facts were that Claimant was operating a vehicle southbound on First Avenue and was struck by a northbound vehicle driven by Eleanor Jones who crossed the center line of First Avenue and entered into the southbound lanes of First Avenue, striking Claimant's vehicle. Claimant filed suit against Eleanor Jones and others and recovered insurance policy limits of $10,000.00. .

The issues in this case are (a) whether the State had notice of any dangerous condition of the roadway, (b) whether the State was negligent in its maintenance of the roadway, and (c) whether such negligence was the proximate cause of the Claimant's injuries.

Claimant testified that on the date in question at about 10:48 p.m. she was travelling in a southerly direction on First Avenue approaching a viaduct. The weather was rainy. She noticed an accumulation of water on the pavement in the vicinity of the viaduct. As Claimant proceeded toward the viaduct, the vehicle operated by Eleanor Jones came northbound through the underpass, hit water causing a large splash, changed lanes and fishtailed over the center line and struck Claimant's vehicle. Claimant's vehicle at all times was in the southbound lane of First Avenue.

Claimant testified further that whenever it rains, water accumulates under the viaduct.

John McCarthy and his son, Brian McCarthy, testified as post-occurrence witnesses that there was an

accumulation of water under the viaduct after heavy rains for years.

Claimant's husband also testified that for about eight years there had been water accumulations at that location every time there was a steady rain.

The investigating police officer of the Riverside Police Department, Joseph Kastner, testified that it was raining hard at the time of the accident but that he did not recall looking under the viaduct. Officer Robert Johnson recalled water covering at least the curb lanes of traffic for both north and southbound traffic on First Avenue at the underpass of the viaduct. Both officers agreed that after heavy rains there were accumulations of water under the viaduct, sometimes to the point where traffic would have to be rerouted. Sometimes police had been obliged to assist vehicles that had been stalled there because of the water.

Eleanor Jones, the driver of the other vehicle, testified, as a hostile witness, that there was standing water on the highway immediately prior to the accident and that on occasions prior to the accident the road had a lot of potholes. She denied any further recollection of the incident but did not deny that she had previously testified at a deposition in the lawsuit brought by Claimant against her that as she passed the viaduct there was a puddle of water that covered a hole where her right front wheel entered causing her to weave from the right hand lane and causing her car to go out of control. She had not seen the hole because of the water and a visit by her to the scene after the accident revealed a hole large enough for her right tire to go into. Her previous testimony was somewhat impeached by her prior statement to the investigating officers that water splashing on her windshield caused her to lose control of her vehicle.

As to the issue of notice of a dangerous condition, it is clear that the State had constructive notice of a flooding condition under that viaduct, a condition which had been recurring with regularity after heavy rains for many years. Thus, we find that the State had constructive notice of a dangerous condition for a long enough period to remedy the same or to warn the public of the condition.

On the question of whether the State was negligent, it is clear to this Court that allowing a flooding condition to continue to exist, without remedy or warning to the public, constitutes a failure to properly maintain the highway which is a breach of Respondent's duty and is negligence.

The question of whether that negligence was the proximate cause of the injuries to Claimant is more vexing.

Respondent claims that it is mere speculation that water caused or contributed to Jones losing control of her car, citing the fact that neither the investigating officer nor the condition witnesses were able to state whether there was a significant water accumulation on the evening in question. However, in view of Claimant's testimony that the Jones car veered after a splash and in view of Jones' previous testimony to the same effect, and no contrary testimony brought by Respondent, we find as fact that the accumulation of water caused the Jones vehicle to strike Claimant's vehicle.

Respondent argues that the sole or intervening proximate cause of the accident was Jones' negligence in entering an area where she knew potholes existed, citing *Dellorto v. State* (1979), 32 Ill. Ct. Cl. 435, and *Storen v. City of Chicago* (1940), 373 Ill. 530, 27 N.E.2d 53, as authority for the proposition that the Respondent is not

liable for merely creating a condition which makes an injury possible.

The *Dellorto, supra,* case is not applicable because that case concerned a rut in the shoulder of the road. A driver hit this rut, lost control of his car and killed the claimant. In view of the fact that the driver had to leave the road in order to strike the rut, it was clear to the Court that the driver and not the condition of the roadway was the sole proximate cause of the accident.

In the case at bar, there is no evidence in the record of any intervening negligence on the part of Jones. Thus, in the instant case, it was the dangerous condition itself which was the sole proximate cause of the accident and resultant injuries to Claimant.

Since the evidence showed Claimant was not guilty of any negligence at all, any questions of whether contributory or comparative negligence is applicable to this case are moot.

As a result of the accident Claimant was hospitalized at Foster McGaw Hospital for 55 days with multiple injuries including a fracture of the right olecranon; fracture of the right fibula; central dislocation of the left hip; fracture of the pubic rami; and multiple facial lacerations. She underwent the surgical procedures of open reductions of the right hip with insertion of rod, wire and dowel pin in the hip; open reduction of the right elbow and a wiring together of bone fragments. Her doctor and hospital bills amounted to $6,934.00.

She had been employed part-time at $75.00 per week and lost eight months from work, for a total lost earnings of $2,600.00.

As a result of her injuries, Claimant will permanently lack 30 degrees full extension of the elbow and 20

degrees full flexion of the elbow. There is a strong possibility of traumatic arthritis of the left hip in the future. Her surgical scars are permanent. At present, on occasion, she walks with a limp.

We find Claimant's damages to be $50,000.00. Setting off $10,000.00 already received from Eleanor Jones, her net is $40,000.00. For the reasons set forth hereinabove, it is hereby ordered that the Claimant be, and hereby is, awarded the sum of $40,000.00 in full and final satisfaction of this cause of action.