(No. 89-CC-3348– 

TAKAKO DINGES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 17, 1996.*

JOHN FISK, for Claimant.

JIM RYAN, Attorney General (IAIN JOHNSTON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

On April 26, 1987, the Claimant was a passenger in an automobile driven by a Myong Gabardi. The vehicle was headed westbound on Big Timber Road, an east-west highway. The highway intersected with Illinois Route 47, a north-south highway. Both roads were asphalt two-lane highways. Stop signs controlled eastbound and westbound traffic on Big Timber Road at the Route 47 intersection. The intersection is in an area of rural farmland. Big Timber Road was neither a primary nor a heavily traveled road. A traffic count conducted on the road in 1987 showed that less than 900 vehicles traveled westbound on Big Timber Road within a 24-hour period. Maintenance of traffic controls at the intersection was clearly the responsibility of the Illinois Department of Transportation ("IDOT").

Some time prior to the accident in question, the stop sign controlling westbound traffic for Big Timber Road had been knocked down. As the Gabardi vehicle entered

the intersection at approximately 4:05 p.m. on the day of the accident, it was involved in an accident with another vehicle. Duane Johnson, a local resident who traveled the intersection daily, testified that the stop sign had been down at least three days prior to the collision. He did not report his observation to any authorities.

The Illinois Department of Transportation had examined the entire length of Route 47 on February 25 and 26, 1987. They did not note anything unusual regarding the sign in question. On April 2, 1987, sign maintenance crews were in the immediate area of the intersection in question, but they did not notice the downed stop sign. IDOT was first notified of the downed stop sign on April 26, 1987, subsequent to the accident.

As a result of the accident, the Claimant was pinned in the automobile and suffered extensive personal injuries. These included a right hip fracture, fractures of the third and fifth right ribs, a lateral clavicle fracture, a right orbital fracture, cuts, bruises, and lacerations. The Claimant was transported to Sherman Hospital where she was admitted and treated for more than one month. Her medical expenses were in excess of $39,000. Her treating physician testified as to the permanence of the injuries and anticipated future medical expenses. In addition, the Claimant testified as to lost wages in excess of $10,000. She had previously settled an action against the driver of the vehicle for $25,000.

The primary issue in this case is whether the Claimants have met their burden of proof that the Respondent had notice of the downed stop sign. This Court has repeatedly held that, while the State does owe a duty of ordinary care in the maintenance of its highways, it is not an insurer of the safety of persons traveling upon them. (*Hollis v. State* (1981), 35 Ill. Ct. Cl. 86, 88.) A Claimant

must establish that the State had actual or constructive notice of a defect involving the highway. (*Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225, 227.) The mere fact that a defective condition existed is not, in and of itself, sufficient to constitute an act of negligence on behalf of the State. *Palmer v. State* (1964), 25 Ill. Ct. Cl. 1, 2.

There is no evidence of actual notice in this claim. The State may be charged with constructive notice of a dangerous condition when, from all the circumstances of a case, it is determined that the State should have been aware of the existence of a condition in the exercise of reasonable care and diligence. If the dangerous condition existed for an appreciable length of time, then the State can be charged with negligence in not ascertaining and correcting the situation. *Skinner v. State* (1975), 31 Ill. Ct. Cl. 45, 49-50.

The factual situation in *Skinner* was very similar to the one we face herein. Two cars collided at an intersection at which a stop sign was missing at the time of the accident. The Court found that the stop sign had been down for less than two days. The Court ruled that the condition must have existed for a sufficient length of time before the Respondent could be charged with negligence for not ascertaining or correcting the condition. The Court concluded in *Skinner* that two days was an insufficient amount of time to start to charge the State with constructive notice.

It is always difficult to apply such a subjective standard. However, it is clear that the precedent set by this Court is that before the State can be charged with constructive notice, it must be proven that the sign was down for a sufficient amount of time, considering the locale, the amount of traffic involved, and the nature of the roads involved for the State to be liable.

218

In this case, the Claimant has simply failed to meet her burden of proof that the State should have known of the missing stop sign by exercising ordinary due diligence. Therefore, we must deny this claim.