(No. 5029- )

JOHN PALMER, Claimant, *vs.* NORTHERN ILLINOIS UNIVERSITY, A CORPORATION, Respondent.

*Opinion filed September 25, 1964.*

WALLACE, SHELTON AND KLEINMAN, Attorneys for Claimant.

DUNN, DUNN AND BRADY, Attorneys for Respondent.

PEZMAN, J.

Claimant, John Palmer, an orchestra leader, was engaged by the Northern Illinois University Alumni Association to present a program in the field house of Northern Illinois University, De Kalb, Illinois, on April 27, 1961. He arrived at the field house with his orchestra at approximately 3:30 P.M. on April 27, 1961, and rehearsed from 4:00 P.M. until approximately 6:00 P.M. Sometime between 6:00 P.M. and 7:00 P.M. claimant claims to have injured his foot and ankle in stepping or falling from the stage to a dirt track. He did not notice any depression in the dirt track before alighting from the stage, but did notice a depression after he stepped off the stage, and felt pain. The stage was set up in accordance with the specifications that were provided by claimant. Claimant alleges he was not able to see any depression in the dirt track when he stepped off the stage, because of the fact that the

lighting did not reach that area. Claimant continued his performance that evening, and then returned to Chicago.

Claimant was subsequently treated for a fracture of the fifth metatarsal, and an avulsion fracture of the lower end of the right fibula. The medical practitioner involved stated that there would not be any permanent residual disability as a result of the accident. Claimant now contends that he lost several engagements as a result of this accident, due to his inability to contact potential customers.

Respondent's witnesses indicate no knowledge of the alleged depression in the track before or after the accident. Evidence was introduced indicating that the custodial supervisor in charge of the field house had inspected the premises on April 27, 1961. This custodial supervisor did not notice any defect in the running track in the area described, and did not have notice or knowledge of any defect in the area prior to April 27, 1961.

Claimant's claim is denied. It is a well established rule that the State is not an insurer against accidents, and the mere fact that an accident happened does not, in and of itself, impose liability on the State or a subdivision of the State. Evidence indicates that the superintendent of buildings and maintenance and the custodial supervisor in charge of the field house were both in the field house in the performance of their duties on the day in question, and both had inspected the premises, and did not observe the alleged defect, which claimant asserts caused his injury. In order for claimant to recover, he must show that the State or a subdivision of the State had either actual or constructive notice of the defect of which the complaint alleges. The mere fact that a defective condition existed, if, in fact, it did exist, is not, in and of itself, sufficient to constitute an act of negligence on the part of respondent.

Claimant has not only failed to show any negligence

on the part of respondent, but has also failed to comply with Secs. 22-1 and 22-2 of the Court of Claims Act. These sections provide as follows:

"Sec. 22-1. Within six months from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any action in the Court of Claims against the State of Illinois for damages on account of any injury to his person shall file in the office of the Attorney General and also in the office of the clerk of the Court of Claims, either by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any."

"Sec. 22-2. If the notice provided for by Section 22-1 is not filed as provided in that section, any such action commenced against the State of Illinois shall be dismissed, and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury."

The notice provided for in the above quoted statute is mandatory, and, as stated in Sec. 22-2, failure to give such notice shall be sufficient cause for the action to be dismissed with prejudice. We find the cause for respondent.