(No. 5138—

GUYLENE BERRY, as Administrator of the Estate of EL-LIS THURLOW BERRY, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 14, 1968.*

R. W. HARRIS, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MAR-TIN, Assistant Attorney General, for Respondent.

Dove, J.

This is a cause of action brought by claimant against respondent, State of Illinois, for the death of claimant's husband. Claimant alleges that respondent negligently failed to maintain a portion of the shoulder running along Illinois Route No. 127 in a safe and proper condition.

On June 13, 1963, Ellis Thurlow Berry, the 39 year old husband of the claimant herein, was driving his tractor in a southerly direction along and upon the shoulder of Illinois Route No. 127. At a point about 1 1/10 miles south of the Union County line, and approximately 100 feet north of Cooper Creek in Alexander County, Illinois, the tractor ran off the shoulder and down a sharp embankment, and turned over pinning Ellis Berry beneath it. As a result of the accident Ellis Berry sustained severe injuries resulting in his death.

Claimant alleges that respondent was negligent in allowing pieces of blacktop slab to lay concealed in the grass and weeds along the west shoulder of Illinois Route No. 127; that respondent negligently failed to keep the shoulder free and clear from the pieces of blacktop slab; and, that respondent negligently failed to mow the grass and weeds along the shoulder of the highway, so that the pieces of blacktop slab would be visible, all of which acts

of negligence proximately caused the death of the decedent.

There were no actual eyewitnesses to the accident. However, one Oscar Gaskill testified that immediately before the accident he was driving his truck along Illinois Route No. 127 in a southerly direction approaching the scene of the accident when he saw the decedent driving his tractor along the shoulder of the road, and that, as he passed, Berry grinned and waved to him. Gaskill further testified that, after he passed Berry, he looked in his rear view mirror, and did not see Berry. Gaskill then turned around, and went back to the scene of the accident where he found Berry pinned beneath the tractor.

The law in the State of Illinois is clear. In order for a claimant in a tort action to recover against the State, he must prove that the State was negligent; that such negligence was the proximate cause of the injury; and, that claimant was in the exercise of due care and caution for his own safety. *McNary* vs. *State of Illinois,* 22 C.C.R. 328; *Link* vs. *State of Illinois,* 24 C.C.R. 69. This Court has held many times that the State is not an insurer of all persons traveling upon its highways. *McNary* vs. *State of Illinois,* 22 C.C.R. 328; *Link* vs. *State of Illinois,* 24 C.C.R. 69.

The evidence indicates that Berry had driven his tractor on the shoulder of Illinois Route No. 127 for some distance before the accident, but it does not indicate that an emergency of any nature caused the decedent to turn off the highway, or that the decedent turned off the highway onto the shoulder to avoid an accident, or to allow approaching vehicles to pass in safety.

Claimant has cited the case of *Hammond* vs. *State,* 24 C.C.R. 368, as authority for the proposition that farm

vehicles have a right to use the shoulder of the highway as they see fit. While it is true that the second headnote of the syllabus of the Hammond case sets forth this proposition, a reading of the case discloses that there is no such proposition of law supported by any authority. The headnote was mistakenly extracted from a summation of the testimony in the case prepared by Commissioner Presbrey. In his report to the Court the Commissioner summarized the testimony of one of the State's engineers by saying that "the engineer further stated that there was no regulation against farm vehicles using the shoulder as they saw fit." This is not the law in Illinois.

The Uniform Act Regulating Traffic on Highways, referred to as Sec. 151 of Chap. 95½, Ill. Rev. Stats., provides as follows:

"(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

2. When the right half of a roadway is closed to traffic while under construction or repair;

3. Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or

4. Upon a roadway designated and sign posted for one way traffic;

5. Whenever there is a single track paved road on one side of the public highway and two vehicles meet thereon, the driver on whose right is the wider shoulder shall give the right-of-way on such pavement to the other vehicle.

(b) Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place, and under the conditions then existing, shall be driven in the right-hand lane available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction, or when preparing for a left turn at an intersection or into a private road or driveway."

The Uniform Act Regulating Traffic on Highways, referred to as Sec. 109 of Chap. 95½, Ill. Rev. Stats., defines the term "roadway" as follows:

"(d) Roadway. That portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways the term "roadway" as used herein shall refer to any such roadway separately but not to all such roadways collectively."

It appears from the evidence in this case that the decedent Berry was driving his tractor along and upon the shoulder of the highway in violation of the statute requiring the driver of vehicles upon highways to drive on the right half of the roadway, except in special situations enumerated in the statute. It is the Illinois rule of law that the violation of an ordinance or statute, such as Sec. 151 of the Uniform Act Regulating Traffic on Highways, is prima facie evidence of negligence. *Miller* vs. *Burch,* 254 Ill. App. 387.

In a recent case decided by this Court, *Welch* vs. *State of Illinois,* No. 5057, suit was brought to recover damages for the death of a truck driver, who had driven his truck off the highway onto the shoulder of the road and into a large hole in the shoulder causing the truck to fall into a ravine, killing the driver. There was evidence introduced that the driver had driven onto the shoulder to avoid hitting an oncoming car, which was on the wrong side of the road, and that the truck skidded out of control. In awarding damages for the death of the truck driver, the Court held that the driver was not guilty of contributory negligence, because the shoulder of the highway was being used for an intended purpose, namely, the avoidance of an accident.

In the case of *Lee* vs. *State of Illinois,* No. 5076, claimant sought to recover damages for the death of his

wife. The evidence showed that the front wheel of the car driven by the wife dropped off the paved portion of the highway and onto the lower shoulder of the road. In attempting to return the car to the paved portion of the highway the decedent lost control of the car, and it overturned. There was testimony to the effect that the shoulder was 3 to 4 inches lower than the paved highway. It was plaintiff's contention that this difference in level constituted negligence on the part of the State proximately causing the accident. In denying recovery this Court held that the decedent was contributorily negligent in allowing the front wheel of her car to drop off the paved highway onto the shoulder. The Court also made reference to Sec. 151 of the Uniform Act Regulating Traffic on Highways, which has been set forth above, and stated that the acts of the decedent did not fall within any of the exceptions to the rule, which requires vehicles to be driven on the right half of the roadway.

Courts in other jurisdictions have rendered similar decisions. In *McNaughton* vs. *State,* 9 App. Div. 2d 990, 194 N.Y.S. 2d 873, the Court held that the State must maintain the shoulder of a road in reasonably safe condition, but that the shoulder is not intended for travel or use when there is nothing to interfere with travel on the paved highway. In this case the Court held the State not liable for injury to plaintiff, who for no apparent reason drove his car onto the shoulder of the road. In the case of *Guyette* vs. *State,* 22 App. Div. 2d 975, 254 N.Y.S. 2d 552, the Court held that, even assuming the State was negligent in permitting a rut in the shoulder of a road, claimant could recover only if he established that an emergency necessitated his driving upon the shoulder. In the case of *Miller* vs. *State,* 201 Misc. 859, 106 N.Y.S. 2d 528, the Court held that the principle relied upon by

claimants that the shoulder of a highway must be maintained in a reasonably safe condition for use when occasion requires was applicable only when operation on the shoulder rather than on the pavement was a reasonable recourse by reason of some emergency or special condition. It appears from the evidence in the case at bar that there was no emergency or other legitimate reason for decedent Berry to drive his tractor on the shoulder of the road rather than on the paved portion of the highway.

It is the opinon of this Court that claimant has failed to sustain the burden of proof that decedent was free from contributory negligence. Claimant's evidence of decedent's careful habits and the circumstances of the accident are not sufficient to rebut the evidence of contributory negligence on the part of the decedent. Contributory negligence on the part of the decedent bars any recovery for the death of the decedent.

An award to claimant, Guylene Berry, as Administrator of the Estate of Ellis Thurlow Berry, deceased, is, therefore, denied.