(No. 5283—

RICHARD PIGOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1968.*

DUSENBURY and LUCAS, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY and ETTA J. COLE, Assistant Attorneys General, for Respondent.

PEZMAN, J.

Claimant is seeking recovery for property damage and personal injuries suffered by him resulting from negligence on the part of respondent, State of Illinois.

Claimant alleges that the State negligently allowed and permitted a certain portion of U. S. Route No. 45, approximately four to six miles north of Kankakee, Illinois, to remain in such a state of disrepair as to create a hazard, and further alleges that this hazardous condition remained uncorrected after the State had actual notice of the existence of the hazardous condition. Claimant further alleges that the hazardous condition in question was the proximate cause of an accident in which he was involved, resulting in personal injury to himself and damage to his property.

The transcript of evidence discloses that on April 12, 1965, at approximately 3:30 A.M., Trooper William James, while on duty as an Illinois State Policeman, was patroling U. S. Route No. 45 when he observed a large piece of concrete, broken and jutting slightly upwards, at a location about one and three-fourths miles south of the Manteno Road on Route No. 45, approximately four to six miles north of Kankakee, Illinois. Trooper James called the Kankakee Sheriff's office, and advised them to contact the State Highway Maintenance Department. The Sheriff's office subsequently advised Trooper James that they had contacted one of the highway foremen, and the highway condition would be repaired immediately.

On the same date at approximately 4:00 A.M., claimant, a resident of Bourbonnais, Illinois, in the County of Kankakee, State of Illinois, was traveling north on U. S. Route No. 45 at a speed of 45 m.p.h. with his headlights on. At a point four to six miles north of Kankakee, or one and three-fourths miles south of the Manteno Road on said U. S. Route No. 45, claimant saw a semitrailer truck approaching in the opposite lane heading south on U. S. Route No. 45. Claimant dimmed his headlights because of the oncoming truck, and suddenly, without warning, he noticed something loose on the highway, and then observed a large hole in the pavement. Claimant hit the hole in the road while going at approximately 45 m.p.h., which caused him to lose control of his vehicle. Claimant's car finally came to rest in a plowed field, approximately fifty feet north of the hole, with the rear end of the car against a utility pole, and his car facing south. As a result of the accident, claimant's car was damaged, and claimant suffered injury to his person.

The testimony herein showed that claimant had been traveling this portion of U. S. Route No. 45 five days a week for about a period of five years going to and from work, the last time being on April 9, 1965, three days before the accident, at which time he observed no defects in the highway.

After the accident, claimant went over to look at the hole in the highway, and observed a loose slab of concrete about six to eight inches in width lying on top of the highway near where it previously had been lodged, and he saw a hole at that point about eight to ten inches deep from which the concrete slab had been dislodged.

At approximately 5:03 A.M. on the date of the ac-

cident, Trooper William James received a call of an accident at the location one and three-fourths miles south of the Manteno Road on U. S. Route No. 45, and observed a large piece of concrete that had been knocked out of the hole. Trooper James indicated that the broken piece of concrete measured about two feet by two feet by six inches in width.

Claimant contends that the State of Illinois was negligent in allowing the hazard, which was created by a piece of the concrete roadway erupting, and thereby causing a hole in the highway, to exist, and by failing to warn of such hazard. Claimant further contends that the State of Illinois had actual knowledge of the hazard.

The State of Illinois is not an insurer of every accident that occurs on its public highways. *Riggins* vs. *State of Illinois*, 21 C.C.R. 434; *Gray* vs. *State of Illinois*, 21 C.C.R. 521; *Terracino* vs. *State of Illinois*, 21 C.C.R. 177. Respondent, State of Illinois, does have the duty to exercise reasonable care in the maintenance and care of its highways in order that defective and dangerous conditions likely to injure persons lawfully on the highway shall not exist. *Couchot* vs. *State of Illinois*, 21 C.C.R. 157; *Thompson, et al,* vs. *State of Illinois*, 24 C.C.R. 219.

In *Di Orio, et al,* vs. *State of Illinois*, 20 C.C.R. 53, this Court applied the same rules of law pertaining to notice in suits against the State involving defects in the highways as pertained to suits against municipalities involving injuries caused by defective conditions in sidewalks. The law in Illinois is clear that, before a municipality can be held liable for injuries caused by the defective condition of a sidewalk, it is necessary that there be evidence showing that the city had *actual* or *construc-*

*tive* notice of the alleged unsafe condition. *Arnett* vs. *City of Roodhouse,* 330 Ill. App. 524; *Coffin* vs. *City of Chicago,* 254 Ill. App. 29.

Respondent introduced into evidence a Report of the Division of Highways, which stated in part as follows:

"On Friday, April 9, 1965, a maintenance section crew had spent the entire day patching Route No. 45 in this area, and there were no holes or humps remaining when the patching crew completed its work on the late afternoon of April 9."

The Departmental Report indicates that this section of the highway, where the accident occurred, is patroled daily Monday through Friday by a Division of Highways Maintenance Patrol. The accident in question occurred at 4:00 A.M. on Monday, April 12, 1965, several hours before the daily maintenance patrol would begin its inspection of the highway. Claimant's own testimony substantiates the Departmental Report that the highway was in good condition as late as Friday, April 9, 1965.

The crucial questions in determining the responsibility ·of the State for the accident in this instance is whether or not the State of Illinois had sufficient notice of the defect, and was negligent in allowing said defect to remain uncorrected. The evidence discloses that as late as Friday evening the highway was in good repair, and respondent had met its duty of reasonable care in maintaining the highway where the accident occurred. The very first indication of a defect in the highway occurred at 3:30 A.M. on Monday, April 12, 1965, when Illinois State Trooper, William James, reported that a large piece of concrete was broken and jutting slightly upwards in a location approximately one and three-fourths miles south of Manteno Road on U. S. Route No. 45. Claimant testified that the accident in question

occurred at approximately 4:00 A.M. the same morning, or about one-half hour later. It appears from the evidence that, at the time Trooper James observed the defect in the highway, it was not a dangerous hole in the highway eight to ten inches deep, but rather was a broken portion of concrete jutting slightly upwards.

It is the opinion of this Court that the lapse of time between the actual discovery of the defect and the accident itself was only one-half to one hour. Therefore, respondent did not have sufficient actual or constructive notice of the defect so as to be held responsible for failing to correct the same. To hold the State of Illinois responsible for accidents resulting from defects in the highways of which it had such short actual or constructive notice would have the effect of making the State of Illinois an insurer of all those using its highways, and this clearly is not the law in the State of Illinois. The lapse of time between the discovery of the defect and the accident did not afford respondent adequate time to reach the site and commence repairs, or erect proper warning signs in order to prevent the accident in question.

Claimant's claim is hereby denied.