(No. 83-CC-0198—

JAMES STILLS and FRANCINE STILLS, Claimants, v.
THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 7, 1989.*

SIDNEY ROBIN, LTD., for Claimants.

NEIL F. HARTIGAN, Attorney General (DANIEL H. BRENNAN, JR., Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This claim arose out of an accident which occurred on Foster Avenue in Chicago, Illinois, on April 11, 1982. James Stills, one of the Claimants, was driving east on Foster Avenue at 11:30 a.m. Shortly after crossing a viaduct, Mr. Stills hit a series of deep holes and depressions in the eastbound lanes of traffic. As a result of striking the potholes, his vehicle went out of control and struck a tree on the south side of Foster Avenue. Mr. Stills sustained severe and permanent injuries.

The other Claimant, Francine Stills, is the spouse of the Claimant, James Stills. The basis of her claim is a loss of consortium as a result of the injuries suffered by James Stills in the accident.

At the oral argument of this cause before the entire Court on December 6, 1988, Respondent did not dispute that the potholes in question were the actual and proximate cause of the accident. It also was not disputed by the Respondent that the area of Foster Avenue at the location of the accident was a State highway. Therefore,

the control of the highway and the actual cause of the accident have been established.

The State owes a duty to all the users of this highway to maintain it in a reasonably safe condition. (*Berry v. State* (1968), 26 Ill. Ct. Cl. 377.) A claimant must show that the State had actual or constructive notice of the defect in order to recover on a negligent highway maintenance claim. *Pigott v. State* (1968), 26 Ill. Ct. Cl. 262.

The Respondent strongly contested the existence of either actual or constructive notice in the case at hand. This Court has consistently held that each case involving constructive notice must be decided on its own particular facts. See *Bugle v. State* (1967), 26 Ill. Ct. Cl. 173.

In the instant case, there is no dispute at all that the pothole had been in existence for a significant period of time prior to the accident. Two lay witnesses, Gary Abraham and John Rome, testified that the potholes had been in existence for a period of weeks prior to the accident. Chicago Police Officer Huse testified that the potholes had been in existence for between 4 and 12 weeks prior to the accident. We feel that this would have been sufficient time, considering the highly traveled nature of the road in question, for the State to be charged with constructive notice of this defect.

The issue of constructive notice is not necessary to the disposition of this case since we feel that there was actual notice to the State of Illinois. Frank Klupshsas, of the Illinois Department of Transportation, testified that a complaint was received by the State on March 18, 1982, regarding potholes along Foster Avenue between California, which is 2800 West Foster, to Harlem Avenue, which is 7200 West Foster. This area encom-

passes the area in which the Stills accident happened. Even though this report was received on March 18, 1982, repairs were not effected until April 22, 1982, several days after the Stills accident. Respondent strongly argued that it should not be held liable for this accident as a result of the failure to respond to the March 18, 1982, complaint. The basis of the Respondent's argument is that the area on Foster Street between California and Harlem is about 5½ miles long. This argument, however, lacks sufficient merit to defeat liability in this case. We feel that the State should have responded to the March 18, 1982, complaint. Moreover, the State could have made an inspection of Foster Avenue fairly easily. In addition, there appears to be a complaint of March 22, 1982, which referred to potholes on Foster Avenue from Pulaski to the river. Again, this area would be within one-half block of the site of the accident. If the State had responded to the March 22, 1982, complaint or done a cursory examination of the area, the potholes which caused this accident could have been easily found.

The Respondent also strongly argued that the severe nature of the winter in 1982 should relieve it from liability for failure to make the necessary repairs. However, absent anything in the record to indicate that the Respondent made any request for additional help or made any attempt to deal with the heavier than normal workload, this argument is not sufficient.

For the foregoing reasons, we find that the State had actual notice of the defect in question. Therefore, all the prerequisites for a finding of liability in favor of the Claimant are present.

Since we find the Respondent liable in this matter, we next address the issue of damages. At the oral argument of this matter, the Respondent did not dispute

the fact that if liability was assessed against the Respondent, then the damages of Mr. Stills would be at least equal to the statutory limit of one hundred thousand dollars ($100,000.00). Because there is ample evidence in the record to support an award of that magnitude, we hereby award the Claimant James Stills the sum of one hundred thousand dollars ($100,000.00).

A somewhat more difficult issue is the assessment of damages for the Claimant Francine Stills. The basis of Francine Stills' claim is a loss of consortium as a result of the accident. There was testimony by Francine Stills during the hearing regarding the change in her marital relationship since the accident. This testimony, coupled with the overwhelming medical evidence of James Stills' disabilities which occurred as a result of this accident, convince us that Francine Stills is also entitled to a substantial award. However, based on the evidence before us, we do not feel that this award should be the statutory maximum of one hundred thousand dollars ($100,000.00). Based on the evidence before us regarding damages, we hereby award Claimant Francine Stills the sum of eighty thousand dollars ($80,000.00).