(No. 86-CC-3222– )

BOBBIE SCROGGINS, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed January 8, 1991.*

*Order on motion for rehearing filed April 3, 1991.*

LEVINE, BRUSTIN, SORKIN & NUSBAUM (CHARLES E.
WEBSTER, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (DANIEL H.
BRENNAN, Assistant Attorney General, of counsel), for
Respondent.

## OPINION

SOMMER, J.

Claimant, Bobbie Scroggins, seeks to recover
damages for personal injuries and damage to her
automobile, sustained on November 19, 1985, while
driving in a southerly direction on Highway I-394,

approximately 1½ miles north of the Glenwood Dwyer exit.

Claimant testified that when driving on I-394, a concrete piece tipped up under the weight of her automobile revealing a spike which punctured one of her tires, causing her to lose control of the auto and collide with the stone divider on the highway. She testified that she saw no pothole on that day or previous days at the location of the accident.

Respondent's prime witness was John P. Cannon, a field technician for the Illinois Department of Transportation (IDOT) for 26 years. For the last nine years, Mr. Cannon was head supervisor at the Calumet maintenance yard, which handled all maintenance on the roadway surface on Calumet Expressway I-80, I-94 and I-394, which covered the area involved in the accident. Mr. Cannon testified that on November 15, 1985, he had a pothole crew working in the subject area with the necessary truck and equipment. This crew repaired all the potholes they could see, according to Mr. Cannon. He further testified that after a search of the records, there were no complaints filed with IDOT as to any potentially dangerous condition of the roadway within the time frame of this accident.

A well-established rule of law in claims such as this is that "the State of Illinois is not an insurer against all accidents which may occur by reason of the condition of its highways." *Gray v. State* (1954), 21 Ill. Ct. Cl. 521.

Additionally, a defective condition is not in itself negligence on the part of the State. *Palmer v. State* (1964), 25 Ill. Ct. Cl. 1.

The law to be applied in the present case was well stated in *Stills v. State* (1989), 41 Ill. Ct. Cl. 60, 62:

"The State owes a duty to all the users of this highway to maintain it in a reasonably safe condition. (*Berry v. State* (1968), 26 Ill. Ct. Cl. 377.) A claimant must show that the State had actual or constructive notice of the defect in order to recover on a negligent highway maintenance claim. *Pigott v. State* (1968), 26 Ill. Ct. Cl. 262."

The State's duty is to maintain highways in "reasonably safe condition" by using reasonable diligence in such maintenance. (*Wing v. State* (1977), 31 Ill. Ct. Cl. 473, 476.) The Claimant bears the burden of establishing by a preponderance of the evidence that the State breached its duty. *Wing, supra.*

The fact that the State's maintenance crew was working on the same section of highway within a few days before the accident filling all the potholes visible is evidence of diligence. Nonetheless, the State would breach its duty if the Claimant establishes that the State had actual notice or constructive notice of the defect which caused the accident.

There is no evidence of actual notice on the part of the State. The State's records show no prior complaints in the area of the accident. The State claims to have filled all the potholes in the area just a few days before the accident. The Claimant testified that she did not see a pothole at the accident site on the day of the accident or previous days. If this Court adopts the Claimant's view of the mishap that a piece of the pavement gave way when she drove over it and revealed a spike, the State would have had no actual notice of this defect until the accident.

Whether the State had constructive notice depends on the facts of each case. *Stills, supra.*

Constructive notice is imputed to the State where a condition by its evident nature, duration, and potential

for harm should necessarily have come to the attention of the State, so that the State should have made repairs.

The Claimant argues that the defect, that is, a piece of sharp metal near the surface of the roadway, could only have been caused by the negligence of the State, either in repair or construction of the roadway. However, this argument does not reflect the rule of law as stated in *Palmer, supra.*, that a defective condition is not in itself negligence on the part of the State. The Claimant must present some evidence tending to impute constructive notice. The Claimant has not done so.

The fact that a defect in the highway may have caused the accident is not determinative. The State must have had actual or constructive notice of the defect. In this claim such notice has not been proven by the Claimant by a preponderance of the evidence.

Therefore, this claim is denied and dismissed.

## ORDER ON MOTION FOR REHEARING

SOMMER, J.

This cause coming to be heard on the motion of the Claimant for rehearing, due notice having been given, and this Court being fully advised in the premises,

Finds that the Claimant has alleged no new facts or arguments sufficient for this Court to find that the State had actual or constructive notice of the defect alleged. It is therefore, ordered that the Claimant's motion for rehearing is denied.