(No. 87-CC-2999–)

LISA J. WOOD and COUNTRY MUTUAL INSURANCE CO., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 9, 1987.*

*Opinion filed March 30, 1993.*

HOLLEY, KEITH & MAELICK, for Claimants.

ROLAND W. BURRIS, Attorney General (DAVID BO MATTSON, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Burke, J.

This Court having considered the Respondent's motion to dismiss Count III, and being fully advised in the premises, finds that Claimant Lisa Wood has failed to provide timely notice as required by section 1 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 22—1). It is therefore ordered that Count III as to Lisa Wood is dismissed for lack of jurisdiction.

## OPINION

Burke, J.

On April 21, 1985, Claimant was returning to college from her parents' home in Bourbannais, Illinois. At approximately 6:45 p.m., Claimant was operating her Ford Escort automobile in a westerly direction on Route 136, which is a heavily traveled highway in McLean County, Illinois, and as her vehicle descended from a crest in a hill, she observed a pothole in the roadway approximately 150 to 200 feet from the crest of the hill. The pothole covered approximately two-thirds of the westbound lane and at the moment she noticed the pothole, she applied the brakes to her vehicle to reduce her speed in an attempt to avoid striking the pothole, but was unable to do so. Claimant lost control of her vehicle and caused the following damages as stipulated by the parties:

A. $6,102.81 for repairs to the Woods vehicle and $10,000 paid by Country Mutual Insurance Company to Beverly Clark, a passenger in the Woods automobile, in her claim for personal injuries and medical expenses.

B. $100 paid by Claimant on the repair of her automobile and not reimbursed by Country Mutual Insurance Company under her policy of insurance.

The Claimant asserts that the Respondent, State of Illinois, Department of Transportation, was negligent by failing to properly maintain the roadway by not applying a

permanent patch to a large pothole that was present on the roadway for at least two to three months prior to the accident, failing to install adequate warning signs or otherwise adequately warn motorists of the dangerous condition of the roadway, and failing to check the pothole over the weekend to ensure that it did not present a dangerous condition.

Tom and Marcella Woods, parents of Lisa Woods, stated that they had traveled westbound near the scene of the accident a few days before and had observed the pothole measuring five to eight feet in diameter and of such depth that it became necessary to drive either to the right on a narrow shoulder or to the left into oncoming traffic in order to avoid striking the hole.

Mark Flynn, who lives three quarters of a mile from the scene of the accident, stated that he arrived shortly after the accident and observed the pothole which he described as being five to six feet in diameter and covering about two-thirds of the westbound lane. He further stated that he had traveled the area of the accident twice a day and five or six days per week for about two years prior to the accident and that this particular pothole was present for at least two or three months prior to the accident of April 21, 1985. He stated that the pothole was difficult to observe because of the location just over the crest of the hill and that he never saw anyone repair this particular pothole until April 22, 1985, which was the day following the accident.

William Grant and Francis Weber stated that the pothole had been temporarily repaired two days prior to the accident. The unrebutted testimony that the pothole was repaired by the State maintenance crew within a few days before the accident is evidence of diligence. *Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225.

No evidence was introduced indicating actual or constructive notice. The established rule of law adopted by the Court is that "the State of Illinois is not an insurer against all accidents which may occur by reason of its highways." *Scroggins, supra.*

It is well established that the State of Illinois has a duty to maintain its highways in a reasonably safe condition for all users, and in order to prevail on a claim for a breach of that duty, claimants must show that the State had actual or constructive notice of the defect causing the injury or damage complained of. (*Stills v. State* (1989), 41 Ill. Ct. Cl. 60.) The duty to maintain is fulfilled by using reasonable diligence in such maintenance. To recover, a claimant bears the burden of establishing by a preponderance of the evidence that the State has the duty to use reasonable care in maintaining the highway at the accident site. The duty to maintain was fulfilled and Claimant failed in meeting her burden of proof.

It is hereby ordered that this claim is denied.