(No. 88-CC-1907–)

CHARLES OTT and PATRICIA OTT, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 25, 1994.*

LINDNER, SPEERS & REULAND (WILLIAM DELANEY, of counsel), for Claimants.

ROLAND W. BURRIS, Attorney General (JANICE SCHAF-FRICK and TERRY OVERTON, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This matter comes before the Court after a hearing before a Commissioner of this Court. All the evidence was adduced at the hearing, and the Respondent made a motion for directed verdict at the close of the evidence. Following that, the Commissioner filed a confidential recommendation to the entire Court.

The essential facts in this claim were undisputed. On April 29, 1987, at approximately 11:30 p.m., the vehicle occupied by the Claimant, Charles Ott, as driver and Patricia Ott as passenger was struck by an automobile driven by Merbeth Muzzarelli. This collision occurred at the intersection of Illinois Route 59 and 83rd Street in Naperville, Illinois. Mr. Muzzarelli had filed a claim, which was dismissed for want of prosecution on March 1, 1993.

Mr. and Mrs. Ott were traveling westbound on 83rd Street, a two-lane paved roadway. Mr. Ott had his lights on and was traveling at about 35 miles per hour. He did not reduce his speed as he approached and entered the intersection with Route 59. Mr. Ott further testified that he did not see any traffic control signs or signals as he approached and entered the intersection.

As Mr. Ott entered the intersection, he noticed the lights from Muzzarelli's car traveling southbound on Route 59 only 20 feet away. Mr. Ott applied his brakes and turned sharply to the left, but the vehicles collided.

Officer James Bedell of the Naperville police department responded to the scene of the accident. When he arrived at the scene, he noticed that the stop sign at the

northeast corner of the intersection for westbound traffic on 83rd Street was missing. Officer Bedell further testified that he had noticed the stop sign missing two days prior to the accident. At that time, he had notified the dispatcher and requested that the dispatcher notify the proper authorities. Officer Bedell, however, had no knowledge as to whether the dispatcher's office had taken any action on his report.

Carol Berry, dispatcher supervisor for the City of Naperville, testified that when notice of a downed stop sign within the jurisdiction of the State was reported, it was the City of Naperville's policy and procedure to contact the State of Illinois and advise them of the problem. However, she had no personal knowledge that a report of the downed stop sign in question was made in April of 1987, nor did she have any personal knowledge of the dispatch office making a report to the State of Illinois, Department of Transportation.

The parties stipulated that the downed stop sign in question was within the jurisdiction of the State of Illinois, Department of Transportation. The parties further stipulated that Patricia Ott had received $5,000 in settlement of her claim against Muzzarelli and $15,000 in settlement of her claim against the Township of Naperville.

The central question in this case is whether the Claimants have met the burden of proving that the Respondent had notice of the downed stop sign. The Court of Claims has consistently held that while the State does owe a duty of ordinary care in the maintenance of its highways, the State is not an insurer of the safety of persons traveling upon them. (*Hollis v. State* (1981), 35 Ill. Ct. Cl. 86, 88.) In order to prevail, a claimant must establish that the State had actual or constructive notice of a defect involving the highway. (*Scroggins v. State* (1991),

43 Ill. Ct. Cl. 225, 227.) The Court has held that the mere fact that a defective condition existed is not, in and of itself, sufficient to constitute an act of negligence on behalf of the State. (*Palmer v. State* (1964), 25 Ill. Ct. Cl. 1, 2.) Therefore, the Claimant clearly had the burden of proving that the Respondent had either actual or constructive notice of the missing stop sign.

The Claimant produced no evidence that the Respondent had actual notice of the downed stop sign. While it was clearly established that the City of Naperville had such knowledge, there was no evidence that this information was passed on to the State of Illinois.

Whether the State had constructive notice of the defect depends on the facts of each individual case. The standard to be applied to this issue was set in *Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225, 227-228. There this Court held that:

"Constructive notice is imputed to the State where a condition by its evident nature, duration, and potential harm should necessarily have come to the attention of the State, so that the State should have made repairs."

In *Skinner v. State* (1975), 31 Ill. Ct. Cl. 45, 50, this Court was faced with a very similar factual situation. There two cars collided at an intersection in which a stop sign was missing at the time of the accident. The Court found that the stop sign had been down for a little less than two days. The Court ruled that the condition must have existed for a sufficient length of time before the Respondent could be charged with negligence for not ascertaining or correcting the condition. The Court concluded that two days was not a sufficient amount of time to charge the State with constructive notice. The Court relied on an earlier decision, *Hilden v. State* (1971), No. 5652, filed May 11, 1971), which was misreported at 27 Ill. Ct. Cl. 214 as being a contracts case. There the Court

held that a two-day malfunction of a traffic signal was not a sufficient length of time to hold the State liable on constructive notice.

Obviously the facts in this case are similar to the facts in *Skinner* and *Hilden*. It can only be clearly established that the stop sign was down for two days prior to the accident. There is a total lack of proof that the State had actual notice of a defect. Based on prior decisions and the facts of this case, we conclude that the Claimants have failed to meet their burden of proof that the State had constructive notice of the defective condition. Therefore, we are granting the motion for directed verdict and denying liability and this claim.