(No. 89-CC-2270–

COMMERCIAL UNION INSURANCE CO. and JACK KELLY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1995.*

SAUL R. WEXLER and PAUL M. SENGPIEHL, for Claimant.

JIM RYAN, Attorney General (ANNE LOEVY and KENNETH LEVINSON, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This claim is brought on behalf of Jack Kelly and Commercial Union Insurance Company, as subrogee, for damages sustained to Mr. Kelly's automobile on January 25, 1987. At approximately 3:00 p.m. on January 25, 1987, the Claimant was driving his Ford Taurus southbound on Route 53 in the vicinity of Palatine, Illinois. Mr. Kelly was driving near the overpass over Palatine Road in the far left lane. His vehicle's speed was approximately 55 miles per hour, the posted speed limit. As he drove, a piece of pavement came up from the road in front of him and because of a car on his right and a barrier on his left, he had no choice but to drive over the chunk of pavement. He testified that the car in front of him jarred the pavement loose and it popped up after that car passed over it. When his vehicle struck the concrete slab, the slab disintegrated but not before it destroyed the undercarriage of his vehicle. Mr. Kelly described that concrete slab as being approximately 15 inches wide, 8 to 10 inches long, and 4 to 6 inches deep. Mr. Kelly was the owner of the vehicle in

question and his insurance company was Commercial Union Insurance. The vehicle was totally destroyed according to the appraisal done by that company. Mr. Kelly claimed to have paid approximately $20,000 for the Ford Taurus and much evidence was adduced at the hearing regarding the value of the vehicle.

It is well established that "the State of Illinois is not an insurer against all accidents which may occur by reason of the condition of its highways." *Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225, 226, citing *Gray v. State* (1954), 21 Ill. Ct. Cl. 521.

The State owes a duty to all users of its highways to maintain its highways in a reasonably safe condition. (*Scroggins* at 227, citing *Berry v. State* (1968), 26 Ill. Ct. Cl. 377.) "The State's duty is to maintain highways in 'reasonably safe condition' by using reasonable diligence in such maintenance." (*Scroggins* at 227, citing *Wing v. State* (1977), 31 Ill. Ct. Cl. 473, 476.) The Claimant must prove by a preponderance of the evidence that the State had actual or constructive notice of the defect causing the accident in order to recover. *Scroggins* at 227.

It can be concluded from the testimony that the piece of concrete that the Claimant's vehicle struck was of a significant size. However, that by itself does not prove that prior to the accident there existed a defect at the accident location which the State knew or should have known was a hazardous defect. The State's repair crews patrolled the area each day looking for defects. None was reported at the site of the accident, by the repair crews, police, or the public.

In this case there is no proof that the State had actual notice of the defect which eventually caused the damage in this case; and, therefore, the Claimant must rely upon

constructive notice. The test to establish constructive notice is "where a condition by its evident nature, duration and potential for harm should necessarily have come to the attention of the State, so that the State should have made repairs." (*Scroggins* at 228.) While it is apparent from Mr. Kelly's testimony and demeanor that he is essentially accurate about the events of that day, there is no evidence to suggest that there was constructive notice on behalf of the State regarding this location and defect.

This claim is very similar to *Scroggins*. In that claim, a piece of concrete tipped up when the Claimant ran over it exposing a piece of wire that punctured the Claimant's tire thereby causing an accident. In *Scroggins*, this Court ruled a highway defect may have caused the accident, but there were no facts to place the State on constructive notice that a defect existed. In the present claim the Claimant testified that the piece of concrete was level with the rest of the road until the moment that the vehicle ahead of him ran over it. Though cracks existed in the pavement, we find that these cracks alone were not a condition of such evident nature and potential for harm so as to impute to the State constructive notice of a hazardous defect.

It is therefore ordered that this claim is denied.