(No. 85-CC-2350–)

ANGELA DAWN OWSLEY, a minor, by her father and next friend, RICHARD W. OWSLEY, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1995.*

HEILIGENSTEIN & BADGLEY (BRAD L. BADGLEY, of counsel), for Claimant.

JIM RYAN, Attorney General (CHAD D. FORNOFF, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This claim arose out of an automobile accident which occurred on December 9, 1993, at the intersection of Illinois Routes 13 and 142 near Equality, Illinois. The Claimants were passengers in an automobile being driven north on Route 142. As the car entered the intersection, it was struck by a pickup truck traveling west on Illinois Route 13. As a result of the accident, the various Claimants sustained a wide range of injuries, some of them very serious. The basis for the claim is that the red flashing lights, which had been placed above the stop signs on Illinois Route 142, were inoperable.

The State of Illinois is not an insurer against all accidents which may occur by reason of a condition of its highways. *Gray v. State* (1954), 21 Ill. Ct. Cl. 521; *Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225.

A claimant must show that the State had actual or constructive notice of the defect in order to recover on a negligent highway maintenance claim. *Pigott v. State* (1968), 26 Ill. Ct. Cl. 262; *Scroggins, supra.*

In the present case, there was no evidence that the State of Illinois had actual knowledge that the light in question was inoperable. No evidence was submitted as to when the light became inoperable. Therefore, we must look to the issue of constructive notice. Since we do not know when the light became inoperable, the normal means of proving constructive notice are inapplicable. Either the nature and extent of the defect, or the length of time the defect existed, may be used to establish constructive notice. Numerous cases have upheld constructive notice in those situations. Based on the facts at hand, neither the nature and extent of the alleged defect, nor

the length of time that the defect existed, are available to the Claimants to prove constructive notice.

The Claimants have made a very strong, somewhat unique argument that the State should be liable for failure to inspect or perform preventative maintenance on the lights. This is despite the fact that the lights were not required to be placed there to begin with, and despite the fact that there is no evidence as to when the lights in fact failed. While the Claimants have done an extraordinary job as attorneys in preparing and advocating this argument, there are simply insufficient facts to warrant the finding of liability on that theory in this case.

Finally, and most important, the driver of the automobile in question ignored numerous other traffic control devices which were present and which were not in defective condition. The presence of the other traffic control devices, including the stop sign in this instance, would preclude a finding of liability against the State.

For the reasons stated, we deny this claim.