(No. 90-CC-0014—■■■■■■)

GREGORY A. PAINTER, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, Respondent.

*Opinion filed May 17, 1996.*

PRATT & CALLIS, for Claimant.

JIM RYAN, Attorney General (PAUL CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Jann, J.

Gregory A. Painter, Claimant, brings this cause of action for compensatory damages pursuant to section 8(d) of the Illinois Court of Claims Act. (705 ILCS 505/8(d).) Claimant asserts that he was injured as a direct and proximate result of negligence committed by the State of Illinois at Morgan County Road 1950 North and Illinois Route 78 in Morgan County, Illinois.

On August 27, 1988, at approximately 5:45 p.m., Claimant was riding a 1978 Harley Davidson FLH, Electric Glide motorcycle, westbound on County Road 1950 North near its intersection with Illinois Route 78 in Morgan County, Illinois. This was the first time Claimant had traveled on County Road 1950 North in a westerly direction. Claimant was traveling at between 30 and 35 m.p.h. and did not see a stop sign or other traffic control device as he approached the intersection with Illinois Route 78. Claimant was unaware he was approaching the intersection until he was about 30 feet from the intersection and

saw an automobile traveling north on Illinois Route 78. Claimant, believing that if he applied his brakes on the gravel road, the motorcycle would slide into and under the approaching vehicle, accelerated his motorcycle to avoid hitting the automobile, but the automobile struck him in the left side of his body. Claimant states the road was also wet from rainfall that day.

After the accident, Morgan County sheriff's deputies found that the stop sign regulating westbound traffic on County Road 1950 North was lying face down in a ditch at the northeast corner of the intersection. The sign was attached to a wooden post that had no visible signs of damage.

Claimant is seeking $46,190.33 for medical expenses incurred in treating his injuries, and $44,800 in lost income. In addition, Claimant seeks the value of his motorcycle, which he estimated at $6,000 at the time of the accident.

A hearing was held before Commissioner Clark on November 3, 1994, at which time Claimant testified and photographs of the scene were submitted into evidence. In addition, the parties submitted evidence depositions of three doctors who treated Claimant, two Morgan County sheriff's deputies who were at the scene immediately following the accident, and five Illinois Department of Transportation workers who had been clearing the ditches on either side of Illinois Route 78 near the location of the accident from August 22-24, 1988. Claimant submitted a brief, while Respondent did not.

Claimant contends that Respondent's negligence was the direct and proximate cause of the accident because agents or employees of Respondent removed the stop sign for westbound traffic, failed to reinstall the stop sign, and failed to warn motorists that they had to stop at the intersection.

The Department of Transportation workers testified at depositions that their normal practice is to remove only those traffic control signs that are in the ditches they are grading and to replace them when their work for the day is completed. The stop sign in question was not in the ditch in which the crew was working and would not have been removed, the workers stated. In addition, each of the workers who was clearing the ditches at that location testified that he had not removed the stop sign and did not notice that a stop sign was down.

As a matter of law, the State is not an insurer of all accidents which may occur by reason of the condition of its highways. Nevertheless, it is liable for positive acts of negligence; knowledge of a dangerous condition in the highway and failure to repair or give adequate warnings; constructive knowledge of a dangerous condition in the highway; and failure to repair or give adequate warning. *Whitehouse Trucking Co. v. State* (1955), 22 Ill. Ct. Cl. 126.

Constructive notice is imputed to the State where a condition, by its evident nature, duration, and potential for harm, should necessarily have come to the attention of the State, so that the State should have made repairs. (*Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225.) In addition, a defective condition is not in itself negligence on the part of the State, and the Claimant bears the burden of establishing by a preponderance of the evidence that the State breached its duty. *Scroggins, supra.*

The State has been found negligent in cases where warning signs have been damaged or removed. In *Whitehouse Trucking Co.*, the State had excavated sections of a highway, and workers had erected barricades and put out flares to warn oncoming vehicles of the dangerous condition of the highway. However, by the time of the accident,

the flares were put out by the rain, and the barricades had blown over in a wind. The Court found that when the State removes a section of the pavement, and thereafter leaves the excavation open at the end of a day's work, it is duty bound to see that adequate warning devices are installed about the work area. In addition, the Court stated that once the warning devices are in place, it is the duty of the State to take reasonable precautions to see that such warning devices remain in place and are in working order. *Whitehouse, supra.*

In another case, the State was found negligent after a barricade protecting motorists from a flooded road had been moved by unknown persons, and a motorist drove into the flooded area and drowned. *Linebaugh v. State* (1981), 34 Ill. Ct. Cl. 63.

The key difference between these cases and the instant case is that, in the cases cited above, the hazards the State failed to warn against either were created by the State or were known to the State. In *Whitehouse Trucking Co.,* the State had created that hazard and had an additional duty to ensure that warning signs remained effective. In *Linebaugh,* employees of the State were aware that persons unknown were removing the barricade.

In the instant case, there is no evidence that the hazard complained of, an unmarked intersection, was caused by Respondent or was known to Respondent. There was no evidence of any complaints to Respondent regarding the stop sign, and the Department of Transportation workers testified that while they were working in the area just days before the accident, they did not remove the sign or notice that it was missing.

Furthermore, Claimant has produced no persuasive evidence to show that the condition was of such a nature

as to have been evident, nor evidence to show the duration of the hazard, in order to show constructive knowledge of the hazard. Although the Morgan County deputies testified that the grass under the sign had turned yellow, there was no evidence to show how long the metal sign had to lie in the sun in August to turn grass yellow.

In addition, Claimant may have been contributorily negligent for attempting to accelerate his vehicle when he saw the approaching vehicle, which could bar him from recovering even if Respondent were found to be negligent.

Based upon the foregoing, we hold that Claimant's claim is denied because he failed to show Respondent had created the hazard in question, that Respondent had actual or constructive notice of a dangerous condition, or that Respondent's action or inaction was the proximate cause of Claimant's injury.