18

(No. 88-CC-0839-)

AVA BOWLEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 19, 1999.*

HARVEY L. WALNER & ASSOC. (JONATHAN WALNER, of counsel), for Claimant.

JIM E. RYAN, Attorney General (EDWARD C. SEWARD III, Assistant Attorney General, of counsel), for Respondent.

ORDER

RAUCCI, C.J.

This cause coming on to be heard on the Commissioner's recommendation after hearing, the Court being fully advised in the premises, the Court finds:

This matter comes on to be heard on the claim of Ava Bowley for personal injuries sustained by her due to the

alleged negligence of the State of Illinois by and through its agents and employees at the Illinois Department of Transportation (IDOT) in maintaining one of its roadways. Claimant seeks compensation for injuries based upon her theory that a dangerous condition or "defect" existed upon the side of the Kennedy Expressway at or near its intersection with Mannheim Road in Cook County, Illinois.

On October 8, 1986, the Claimant was working as a "flagman" or "flagger" for her employer, McDonough & Associates, pursuant to her employer's contract with IDOT for the surveying of the Kennedy Expressway. A flagger is required to face oncoming traffic wearing a reflective vest and utilizing a flag to alert the oncoming traffic that another work associate is working further up the roadway. She had performed her job for two days prior to the accident without incident.

On October 8, 1986, Claimant was working with Paul Kuehnlenz on the south side of the westbound lanes of the Kennedy Expressway at or near the Mannheim Road overpass in Chicago, Illinois. Claimant was facing oncoming traffic and walking backward in a westbound direction, i.e., to her right was the shoulder and retaining wall and to her left was live traffic. Claimant was between the oncoming traffic and Mr. Kuehnlenz, who was doing the surveying work. As she was walking backward, Claimant fell into an uncovered rectangular drain outlet or sewer cover. The cover or drain outlet was either broken, missing or both. Claimant admitted that nothing obstructed her view of the open hole, such as leaves or garbage, and that the reason she could not see the open hole was that she was walking backwards. However, Claimant contended she was necessarily following orders in walking backwards as Kuehnlenz's flagger.

Claimant fell all the way into the hole and was held up by her armpits. She pulled herself out and was then

helped by Kuehnlenz to the Resurrection Immediate Care Facility. She was examined and treated conservatively. She was not diagnosed with any fractures and was released to the care of her family physician, Dr. Enoch Prasad. Subsequently, and over the next two years, she continued to be treated by Dr. Prasad and she was hospitalized at South Suburban Hospital for dehydration and severe pain symptoms. Claimant submitted medical bills in excess of $30,000 attributable to her injuries.

Claimant also asserted that she lost two years of wages, but did not offer a specific figure. Respondent adduced evidence that indicated that Claimant chose not to work at certain points during the two year recovery period, and that she resigned from her position at McDonough & Associates in November of 1987.

By all accounts, the hole was plainly visible to a person who would have been walking facing forward and who was walking without their attention being distracted. Neither Claimant nor IDOT presented evidence of prior notification or complaint of a missing or broken sewer cover in the general area. IDOT had posted signage prohibiting the use of its highways by pedestrians at or near the area of Claimant's fall. Respondent pled an affirmative defense asserting that the Claimant had breached her duty to use due care and caution for her own safety.

In order for a Claimant to recover for the injuries suffered, the Claimant must prove, by a preponderance of the evidence, that such a dangerous condition or defect existed and the Respondent had actual or constructive notice of it. (*Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225.) In addition, a Claimant bears the burden of proving by a preponderance of the evidence that the State is negligent in its duty to maintain the roadway in question, and that the State's negligence proximately caused Claimant's injuries.

(*Skinner v. State* (1975), 31 Ill. Ct. Cl. 45.) Conversely, the State has a duty to exercise reasonable care in maintaining its highway so that defective and dangerous conditions do not exist. (*Baran v. State* (1974), 30 Ill. Ct. Cl. 162.) In addition, the Claimant must also prove that aforementioned duties apply to pedestrians who are utilizing the State's roadways for work purposes and that she, as a pedestrian, utilized due care in undertaking her duties.

In analyzing the present claim, it is clear that the threshold question that must be answered is whether the State had actual or constructive notice of the open outlet drain or sewer, and failed to take reasonable steps to correct or warn of the dangerous condition. It is uncontroverted that any injuries sustained by the Claimant occurred as a result of falling into the open outlet drain.

The Claimant has failed to sustain her burden of showing that the State had actual or constructive notice of the open drain outlet. There is simply **no** evidence submitted that the State had actual notice of the open outlet drain through complaints or otherwise to IDOT or any other entity of the State.

Claimant asserts that the State had constructive notice since IDOT's contractual relationship with McDonough & Associates obligated IDOT to inspect the area to determine the condition of the roadways wherein Claimant was to be working. Thus, Claimant asserts, the State's failure to fulfill its duty to inspect establishes constructive notice. We find no support in fact or in the case law to support this contention.

Whether the State had constructive notice depends on the facts of each case. (*Scroggins*, 43 Ill. Ct. Cl. 225, 227.) It must be shown that the defect was substantial enough and must have existed for such a length of time

that reasonable persons would conclude that immediate repairs should be made or, in the alternative, that warning signs should be posted. (*Stege v. State* (1971), 27 Ill. Ct. Cl. 399.) Here, in part because pedestrians were normally prohibited from the area where Claimant fell, there is no testimony from prior users of the area or State employees patrolling the area as to the substance of the defect, which would give the State constructive notice.

Even if the State had a duty to inspect pursuant to its contract with McDonough, the Claimant's failure to take due care for her own safety would defeat her claim. By walking backwards for a long stretch, she placed herself in danger unnecessarily. Cross-examination of Claimant (and other witnesses) established that (1) she could easily have turned at intervals to inspect the area where she was walking; (2) because she was walking backwards was the only reason she did not see the outlet; and (3) the route of her work could have been reversed to allow her to walk facing forward, thus viewing where she was to be walking. These reasonable measures were not undertaken despite their common sense safety implications.

Claimant has failed to meet her burden of proof.

It is therefore ordered that this claim is dismissed and forever barred.